POLLAK, J.,
Dissenting. — I do not question for a moment the emotional distress plaintiffs must have endured while observing their mother and sister struggle to breathe, and the unsuccessful efforts that were made to remedy her distress. I also acknowledge reservations about the logic and wisdom of the standard that has evolved from the decisions of our Supreme Court as to when a bystander may recover for experiencing such emotional distress. *492 Nonetheless, being bound to follow those decisions, I cannot in good conscience agree that the evidence in this case supports the recovery of damages for the negligent infliction of emotional distress (NIED).
The negligence in this case was the misdiagnosis of the cause of Madeline Knox’s compromised ability to breathe and resulting stridor, noisy breathing indicative of airway obstruction. This was not a situation as in Ochoa v. Superior Court (1985) 39 Cal.3d 159 [216 Cal.Rptr. 661, 703 P.2d 1], where the authorities ignored obvious signs of distress and did nothing to treat the conditions for almost two days. Here, medical personnel responded immediately to Knox’s stridor, promptly summoning the hospital’s rapid assessment team and then the surgeon who had performed Knox’s operation, twice suctioning secretions from Knox’s mouth and nose, and removing bandages and sutures to relieve pressure. Plaintiffs observed that these steps were “inadequate” — as the majority opinion points out several times — but they observed only that they were inadequate in the sense that they did not correct the problem. Plaintiffs observed that Knox continued to have trouble breathing, but they could not observe and did not know that the surgeon and staff had not correctly diagnosed the cause of the stridor.
Plaintiffs’ expert testified and the jury apparently found that the medical staff failed to recognize that Knox’s breathing difficulties were being caused by a hematoma, requiring a higher level of care from an intensivist care physician or anesthesiologist. That, in the opinion of plaintiffs’ expert, was the cause of Knox’s injuries and eventual death. Plaintiffs did not know that the treatment they were witnessing was inadequate because the medical staff had misdiagnosed the cause of Knox’s breathing difficulty.
The line of bystander emotional distress cases from our Supreme Court, most recently summarized and restated in Bird v. Saenz (2002) 28 Cal.4th 910 [123 Cal.Rptr.2d 465, 51 P.3d 324] (Bird), make clear that in order to permit recovery, it is not enough that the plaintiff bystanders observe the injured person’s suffering. The plaintiffs must “ ‘experience a contemporaneous sensory awareness of the causal connection between the negligent conduct and the resulting injury.’ ” (Id. at p. 918.) There must be “ ‘contemporaneous awareness the defendant’s conduct or lack thereof is causing harm.’ ” (Id. at p. 919.) While the court rejected the notion “that a layperson can never perceive medical negligence” (id. at p. 918), the court made clear that recovery is possible only in extreme cases (such as observation of the amputation of the wrong limb), “[b]ut the same cannot be assumed of medical malpractice generally” (ibid.). In Bird, the court makes clear that to permit recovery, the bystander plaintiff must observe not only the negligent act and the injury, but also must be aware of the causal connection between the two. There must be “contemporaneous, understanding awareness of the event as causing harm to the victim.” (Id. at p. 920.)
*493 The facts in Bird and in several cases cited with approval in Bird provide illustrations of this limitation, all strikingly similar to the facts in the present case. In Bird, two events were identified as potential injury-producing events: the negligent transection of the victim’s artery and the subsequent negligence by the defendants in failing to diagnose and treat the damaged artery. (Bird, supra, 28 Cal.4th at p. 917.) The court ruled that the plaintiffs could not recover for NIED based on the negligent transection because they did not observe that injury-producing event. As to the subsequent misdiagnosis and failure to properly treat the damaged artery, the plaintiffs could not recover because they did not, and could not, meaningfully perceive the defendants’ negligence. The court stated, “Except in the most obvious cases, a misdiagnosis is beyond the awareness of lay bystanders.” (Ibid.) The court continued, “Even if plaintiffs believed, as they stated in their declarations, that their mother was bleeding to death, they had no reason to know that the care she was receiving to diagnose and correct the cause of the problem was inadequate.” (Ibid.)
The Bird opinion discusses approvingly several other cases in which NIED recovery was denied because of the bystanders’ lack of awareness of a misdiagnosis, even though they were aware that treatment was failing to correct the patient’s physical problem. I quote from the Supreme Court opinion: “In Wright v. City of Los Angeles (1990) 219 Cal.App.3d 318 [268 Cal.Rptr. 309], a relative who watched a paramedic conduct a cursory medical examination that failed to detect signs of sickle cell shock was permitted to sue for wrongful death but not for NIED. While the relative was ‘present at the scene at the time the injury-producing event occurred,’ there was no evidence ‘he was then aware [that the decedent] was being injured by [the paramedic’s] negligent conduct.’ (Id. at p. 350.) Likewise, in Breazeal v. Henry Mayo Newhall Memorial Hospital (1991) 234 Cal.App.3d 1329 [286 Cal.Rptr. 207], a plaintiff who observed ultimately unsuccessful efforts to restore her son’s breathing with a tracheostomy and endotracheal tubes was held not to have a valid claim for NIED. [Fn. omitted.] ‘There was evidence that at some point [the plaintiff] saw [one of the defendant physicians] bent over [her son], with blood on both of them. However, there was no evidence . . . that what [the physician] was doing at that moment was “an injury-producing event,” rather than an unsuccessful attempt to correct an already existing injury . . . .’ (Id. at p. 1342.) Nor was she ‘contemporaneously . . . aware that any such event was causing him injury.’ (Ibid.) Finally, in Meighan v. Shore (1995) 34 Cal.App.4th 1025 [40 Cal.Rptr.2d 744], the plaintiff wife, who was trained as a nurse, feared that her husband was experiencing a heart attack and believed that he was not being treated appropriately in the emergency room. In fact he was suffering a heart attack, but initial test results were to the contrary and physicians incorrectly misdiagnosed his condition. Citing Golstein [v. Superior Court (1990)] 223 *494 Cal.App.3d 1415, 1427 [273 Cal.Rptr. 270], the court concluded the plaintiff had no viable claim for NIED because ‘understanding perception of the injury-causing event is essential, and if it cannot be perceived, recovery cannot be allowed.’ (Meighan v. Shore, supra, at p. 1046.)” (Bird, supra, 28 Cal.4th at pp. 918-919.)
Plaintiffs’ lack of awareness that the cause of Knox’s continued suffering was defendant’s failure to correctly diagnose the cause of her stridor, under Bird and the cases it cites, thus precludes NIED recovery. The result is not changed by characterizing the injury-producing event, as does the majority opinion, as “lack of acuity.” (Maj. opn., ante, at p. 490.)
Moreover, the jury in this case was not properly instructed. The instruction given was based on CACI No. 1621 as it read at the time of trial. (CACI No. 1621 (2013) vol. 1, p. 862.) Based on the then current CACI instruction, the jury was instructed that the third element plaintiffs were required to prove to establish NIED was the following: “That Phyllis Keys and Erma Smith were present at the scene of the injury when it occurred and [were] aware that Madeline Knox was being injured.” Although taken from CACI, the instruction was incomplete and erroneous. Subsequent to the trial in this case, CACI No. 1621 has been modified to read as follows: “That [name of plaintiff] was then aware that the [e.g., traffic accident] was causing [injury to/the death of] [name of victim].” (CACI No. 1621 (2014) vol. 1, p. 878.) As it appears, the corrected instruction adds the essential requirement that plaintiffs were contemporaneously aware that the defendant’s negligence was causing the patient’s injury. The omission of this critical factor from the court’s instructions is, of course, understandable because based on the then current CACI form instruction. The jury’s verdict is also understandable since it was based on that incomplete instruction. Nonetheless, the omission of this critical factor was contrary to the clear holding of Bird and of the prior cases discussed in Bird.
The instruction that the majority states would have been given under the revised CACI instruction would not have corrected the error because it contains the same misunderstanding of what our Supreme Court has required. It is not sufficient that the bystanders realized the treatment being provided was “inadequate” to correct Knox’s breathing difficulty. To recover for NIED they must have realized that Knox was not improving because defendant was not correctly diagnosing the cause of the breathing problem. Plaintiffs must have been aware that defendant’s negligence was the cause of the harm.
The revision that has since been made to the standard CACI instruction thus underscores why the judgment in this case cannot properly be affirmed. Although plaintiffs were present and observed Knox’s struggle to breathe, *495 they were not then aware that the cause of Knox’s continued suffering was defendant’s failure to correctly diagnose the source of the airway obstruction, the hematoma at the surgical site. The jury was not told it must find such awareness to find NIED, and the record contains no evidence upon which such a finding could have been made.
For these reasons, I respectfully dissent.
A petition for a rehearing was denied March 11, 2015.